J-S38021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JUAN TORRES. | : | |
| | : | |
| Appellant | : | No. 2469 EDA 2018 |

Appeal from the PCRA Order Entered July 30, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0609281-1989

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 25, 2019**

Appellant, Juan Torres, appeals from the July 30, 2018 Order dismissing as untimely his third Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On November 14, 1990, a jury convicted Appellant of First-Degree Murder and related charges for the 1989 fatal shooting of Larry Duncan during an illicit drug transaction in Philadelphia.  Appellant was 18 years old at the time of the murder.  On April 9, 1991, the trial court imposed the mandatory sentence of life imprisonment.  On January 8, 1992, this Court affirmed Appellant's Judgment of Sentence, and on November 5, 1992, the Pennsylvania Supreme Court denied allowance of appeal.  ***See Commonwealth v. Torres***, 607 A.2d 1127 (Pa. Super. 1992) (unpublished memorandum), *appeal denied*, 615 A.2d 1312 (Pa. 1992).  Appellant did not seek review by the United States Supreme Court.  Appellant's Judgment of

_____
*   Retired Senior Judge assigned to the Superior Court.

Sentence, therefore, became final on February 3, 1993. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

On August 12, 2012, more than nineteen years after his Judgment of Sentence became final, Appellant filed the instant *pro se* PCRA Petition, his third, raising a claim that his sentence is illegal under *Miller v. Alabama*, 567 U.S. 460 (2012).[1]  After a multi-year delay, on February 26, 2016, Appellant filed a *pro se* Amended PCRA Petition averring that he was entitled to relief under *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).[2]  Finally, on April 2, 2018, Appellant filed a *pro se* Supplemental PCRA Petition claiming that a February 18, 2018 Philadelphia Inquirer newspaper article "alerted him of a pattern of misconduct by Detective Devlin in other homicide cases, similar to allegations he attempted to raise during his suppression hearing back on May 4, 1990, but was unsuccessful."  Supplemental PCRA Petition, 4/2/18, at 3. Appellant also asserted that the article alerted him to a 2016 federal civil complaint filed against Detective Devlin.  *Id.*

On April 17, 2018, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition as untimely without a hearing.  Appellant filed a timely *pro se* Response.  On July 30, 2018, after

_____

[1] In *Miller*, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was under eighteen years old.  *Miller*, 567 U.S. at 470.

[2] In *Montgomery*, the U.S. Supreme Court held that its decision in *Miller, supra,* applies retroactively.  *Montgomery*, 136 S.Ct. at 732, 736.

considering Appellant's Response, the PCRA court dismissed Appellant's Petition as untimely. This timely *pro se* appeal followed.

Appellant raises the following issues for our review:

I.    Whether Appellant's instant PCRA petition predicated upon the United States Supreme Court's decision announced in [***Miller***], is timely filed under the purview of **42 Pa.C.S. § 9545(b)(1)(iii)**?

II.   Whether the court's imposition of an illegal mandatory life without parole sentence, for a homicide offense committed while appellant was a juvenile, violates the Eighth Amendment's prohibition on ["]cruel and unusual punishments,["] as a result of:

    (A)    Appellant is a juvenile under Pennsylvania Law; and

    (B)    Equal Protection demand's ***Miller***'s application.

III.  Whether Appellant's "after discovered evidence claim and ***Brady*** claim," predicated upon the discovery of Detective Devlin's unconstitutional interrogation tactics[,] is timely filed under purview of 42 Pa.C.S. 9545(b)(1)(i) & (ii); based upon the discovery of: (i) the Philadelphia Inquirer newspaper article; (ii) the federal civil complaint filed by Anthony Wright; and (iii) the district court's decision in Anthony Wright's Civil Complaint?

Appellant's Br. at 1-2.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal

conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. ***See*** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed more than nineteen years after his Judgment of Sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).[3]

Here, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii), alleging that his sentence is illegal based on a newly recognized constitutional right under ***Miller***, which, he argues, is retroactive in its application pursuant to ***Montgomery***. ***See*** Appellant's Br. at 4; 42 Pa.C.S. § 9545(b)(1)(iii).

---

[3] Effective December 24, 2018, Section 9545(b)(2) now provides that "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

As long as this court has jurisdiction over the matter, a legality of sentence issue is reviewable and cannot be waived. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction. **See** 42 Pa.C.S. § 9545(b); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Appellant filed the Amended PCRA Petition on February 26, 2016, which was within 60 days of the issuance of the **Montgomery** decision (decided January 25, 2016).

Nevertheless, Appellant's **Miller** claim fails. Appellant correctly asserts that the holding in **Montgomery** is that the rule announced in **Miller**, **supra**, is substantive for purposes of retroactivity. However, because Appellant was 18 years old at the time he committed the murder, **Miller** is inapplicable. **See Commonwealth v. Lawson**, 90 A.3d 1, 6 (Pa. Super. 2014) (stating that the holding in **Miller** is limited to those offenders who were juveniles at the time they committed their crimes). Further, an *en banc* panel of this Court has recently refused to render relief on the brain science argument that Appellant raises in his Amended PCRA Petition and again in his Brief. **See Commonwealth v. Lee**, 206 A.3d 1, 9-11 (Pa. Super. 2019) (*en banc*) (holding that appellant, who was over 18 years of age at the time of her

offense, could not invoke ***Miller*** as an exception to the PCRA time-bar, despite her argument that "immature brain" studies would have established that her brain was underdeveloped at time of her crime). ***See also Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016) (rejecting the 19-year-old appellant's argument based on neuroscientific theories of brain development that he is entitled to PCRA relief because he was a "technical juvenile" at the time he committed his crimes). Accordingly, this claim fails to overcome the PCRA time-bar.

In his Supplemental PCRA Petition, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(ii), which requires Appellant to plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Appellant asserts that when he read the February 18, 2018 newspaper article he learned the "previously unknown fact" that Detective Devlin engaged in a pattern of misconduct in other homicide cases, which, Appellant asserts, "mirror the misconduct that occurred" in his case. Supplemental PCRA Petition, 4/2/18, at 3. To support this argument, Appellant provided a copy of the newspaper article, a copy of the federal civil complaint discussed in the newspaper article, and the district court's decision to deny a pre-trial Motion to Dismiss in the federal civil case. ***See id.*** at Exhibit A, B. Appellant's claim fails to overcome the PCRA time-bar.

We agree with the PCRA court that "the newly-discovered information simply support[s] a previously-known fact." PCRA Court Opinion at 4. Specifically, Appellant introduces this evidence to support his claim that Detective Devlin coerced his pre-trial statement confessing to the crime, a "previously-known fact" that Appellant litigated unsuccessfully in a Motion to Suppress prior to his trial. Appellant presents documents that merely constitute new sources for a previously-known fact, and, thus, Appellant's claim fails to raise an exception to the time-bar. *See Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (explaining a petitioner does not satisfy the "newly discovered facts" exception where he merely alleges a newly discovered source for previously known facts).

Appellant also attempts to invoke Section 9545(b)(1)(ii) by advancing the argument that the Philadelphia District Attorney's Office failed to disclose information it had in its possession regarding Detective Devlin in violation of its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963).[4] Supplemental PCRA Petition at 29. Appellant relies on claims in the newspaper article and federal civil complaint to support his argument that "the Philadelphia District [A]ttorney's Office was aware of Detective Devlin and other Philadelphia Detectives['] misconduct for decades." *Id.* at 29, 31.

---

[4] In *Brady*, the U.S. Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.0

To invoke this exception, Appellant must prove that, "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution of laws of this Commonwealth or the Constitution of laws of the United States." 42 Pa.C.S. 9545(b)(1)(i).

Instantly, Appellant relies on the newspaper article's report that the information regarding Detective Devlin's coercive tactics surfaced because the Commonwealth disclosed files during discovery in a civil suit and failed to mark them "confidential." Supplemental PCRA Petition at 29. Appellant offers no evidence that this actually occurred, that the files contain information relevant to his claim, or that the files contained evidence that the Commonwealth would be required to share under *Brady*. Accordingly, Appellant has failed to overcome the PCRA time-bar with this claim.

In conclusion, Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness exceptions and, therefore, we are without jurisdiction to consider the merits of this appeal. The PCRA court properly dismissed Appellant's Petition as untimely. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/25/19